# UNITED STATES DISTRICT COURT
# IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAPER STREET MEDIA, LLC, a Florida limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>KICK ONLINE ENTERTAINMENT, S.A., a foreign company, d/b/a Motherless, Motherless.com, Motherlessmedia.com; DEMITRIOS DIAMANTIS, a foreign individual; IVAN BOROVKOV, a foreign individual; and DOES 1-20,<br><br>Defendants. | Case No.  3:17-cv-05821-BH<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiff Paper Street Media LLC (hereinafter referred to as "Plaintiff" or "PSM") by and through its counsel of record, files this Amended Complaint against Defendants Kick Online Entertainment, S.A., d/b/a Motherless, Motherless.com, and Motherlessmedia.com, Demitrios Diamantis, Ivan Borovkov, and the Doe Defendants (collectively hereinafter referred to as "Kick Online," "Defendant" or "Defendants").

## JURISDICTION AND VENUE

1.  Plaintiff Paper Street Media LLC is a Florida Limited Liability Company with its principal place of business in Miami, Florida.

SECOND AMENDED COMPLAINT - 1
No.  3:17-cv-05821-BH

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

2.      Defendant Kick Online Entertainment, S.A. ("Kick Online") is a foreign company organized under the laws of Costa Rica and with principle place of business in San Jose, Costa Rica.

3.      Defendant Demitrios Diamantis ("Diamantis") is a Greek national and a resident of the United Kingdom.

4.      Defendant Ivan Borovkov ("Borovkov") is, upon information and belief, a resident of the Ukraine.

5.      Defendants knowingly and purposefully market to and target the entire United States, including residents of this District, through the web site motherless.com.

6.      The largest audience of the motherless.com website is United States viewers. Defendants earn revenue from advertisements on motherless.com and from the sale of paid Premium Memberships of "Motherless Credits." Advertisements in the United States are the by far most profitable, thus making the United States the most desirable and commercially meaningful market to display a web site whose revenues stem from advertisements.

7.      According to Similarweb.com, an industry trusted web site analytics company as of September 2017, Motherless.com averages approximately 50.52 million users *per month*. Of these users, the United States made up the largest market at 36.11%, with the next largest market as Germany at 8.10%

8.      Defendants utilize a domain name server located in San Francisco, California, Cloudflare, Inc.

9.      Defendants utilize its URL Motherlessmedia.com to deliver content through Motherless.com.

10.      Defendants utilize US based hosting companies to maximize delivery of its content to United States based users including Highwinds Network Group and Webair Internet Development Company, New York. Arizona based Highwinds Network Group, Inc. is the content delivery network (CDN) provider for motherless.com. The use of a CDN in the United States is

SECOND AMENDED COMPLAINT - 2
No. 3:17-cv-05821-BH

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1  crucial to be able to deliver and/or stream videos to United States users with necessary and user
2  demanded speed and efficiency.

3      11.    Kick Online, Diamantis, Buster, and Borokov also utilized the service of Universal
4  CDN, Inc., which is affiliated with DFW Internet Services, Inc., located in Dallas, Texas.
5  Diamantis, Buster, and Borokov are explicitly listed as a contact persons for Motherless.com for
6  services provided to Motherless.com, and each has access to Motherless.com services and,
7  therefore, operational control of the web site.

8      12.    Defendants have direct contractual relationships with United States based vendors to
9  provide live cam model shows, including ICF Technology, Inc., Seattle, Washington; VS Media, in
10  Angeles, California; and Streamray, Inc., Campbell, California. The use of these United States
11  based cam show vendors ensures that Defendants' United States based users have efficient, speedy,
12  and uninterrupted access to the model shows.

13      13.    Defendants' contract with United States based advertising agency Traffic Haus,
14  located in San Diego, California, for purposes of brokering advertising on motherless.com directed
15  to and intended for United States viewers.

16      14.    Defendants utilize a United States based credit card processing company, CentroBill
17  Limited, with offices in New Jersey. A memberships and/or the purchase of Motherless Credits are
18  needed before a user can download any video or image from Motherless.com.

19      15.    Defendants attempts to hide their identity as the registrant of motherless.com by the
20  use of a United States privacy service, WhoisProxy.com, Ltd., located in Alexandria, Virginia.

21      16.    Upon information and belief, the Defendants all transact business in this Judicial
22  District by way of their interactive website and through their interactivity with subscription based
23  and non-subscription based United States and Washington members who have been offered the
24  infringing and unlawful content at issue herein and who have, themselves, engaged in acts of
25  infringement in this District and State. The Court has personal jurisdiction over the Defendants,
26  who have engaged in business activities in and directed to this district, and have committed tortious

SECOND AMENDED COMPLAINT - 3
No. 3:17-cv-05821-BH

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1  acts within this district or directed at this district. The Defendants are amenable to service of process
2  pursuant to the state Long-Arm Statute, and Fed.R.Civ.P. 4(e).

3       17.    Any alien defendant is subject to jurisdiction in any district. See 28 U.S.C. 1391
4  ("An alien may be sued in any district.") See also Fed. R. Civ. P. 4(k)(2).

5       18.    This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to
6  17 U.S.C. § 101 et seq., Section 32 of the Lanham Act, 15 U.S.C. §1114(1), 15 U.S.C. § 1121, 15
7  U.S.C. §1125, 28 U.S.C. §1331 and 28 U.S.C. §1338.

8       19.    Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) and/or (c).

9       20.    This Court has personal jurisdiction pursuant to 28 U.S.C. §§ 1391(b), (c) and/or (d)
10  and 28 U.S.C. § 1400(a).

## PARTIES

12       21.    The named Plaintiff is the rightful copyright, trademark and intellectual property
13  owners of the respective United States copyrights, trademarks and intellectual property that are the
14  basis for this action.

15       22.    Plaintiff Paper Street Media, LLC ("PSM") is a Florida limited liability company
16  with its principal place of business in Miami, Florida.

17       23.    PSM produces adult audiovisual material, which it distributes through DVD sales,
18  pay-per-view, and the World Wide Web through its 25-paid membership based web sites operating
19  under its known brands, including "TeamSkeet," among others.

20       24.    PSM directly employs 28 full-time people, with the majority of those being
21  technical, programming, and white-collar positions.

22       25.    PSM engages in extremely limited licensing of its content to other entities or
23  websites for viewing, in addition to the small sample of promotional materials provided to their
24  affiliates for the sole purpose of those affiliates' promoting PSM properties. Any licensing is done
25  with the intent for brand exposure and is limited to a small subset of hand-selected content.

26

SECOND AMENDED COMPLAINT - 4
No. 3:17-cv-05821-BH

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1   Predominantly, the PSM business model is simply that a user must be a paid member of PSM to
2   view PSM's non-promotional videos.
3          26.     PSM holds over 350 U.S. registered Copyrights for its audiovisual work and 5
4   Trademarks for its brands, including for all works listed in this Complaint.
5          27.     Plaintiff is the respective producer, distributor, and exclusive licensor of its own
6   motion pictures in the United States as well as throughout the world.
7          28.     Plaintiff has registered with the United States Copyright Office the copyrighted
8   works identified in this Complaint. Plaintiff's watermark their videos with Plaintiff's readily
9   identifiable site names and/or logos and place recorded warnings at the beginning of video
10  productions.
11         29.     Plaintiff's "Team Skeet" trademark and service mark has been continuously used in
12  commerce since August 2012.  U.S. Trademark Registration No. 4323869 was registered on April
13  23, 2013.
14         30.     Plaintiff has expended considerable effort and expense in promoting its trademark
15  and the goods sold under the trademark Team Skeet.  As a result, the purchasing public has come to
16  know, rely upon and recognize the mark Team Skeet as an international brand of high quality adult
17  entertainment.
18         31.     The production of pornography is one of the most scrutinized and policed legal
19  enterprises in the country, where state, local and federal regulations all require manufacturers and
20  distributors of such works to comply with a myriad of laws and record keeping rules. Producers
21  navigate the various legal requirements at great expense in order to remain compliant, carefully
22  building government-required databases that must be maintained for inspection even beyond the life
23  of the company. Plaintiff has meticulously complied with the various laws, rules, and regulations
24  imposed upon production of legitimate adult entertainment. Legitimate producers do not "make"
25  anyone do anything – only consenting adults participate. Both men and women participate in front
26

SECOND AMENDED COMPLAINT - 5
No.  3:17-cv-05821-BH

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1  of and behind the camera at jobs that require real skill and dedication.  The Plaintiff only sells its

2  final product to consenting adults through age-restricted channels.

3     32.   Defendant Kick Online is the owner of the website located at www.motherless.com

4  and motherlessmedia.com.

5     33.   Defendant Diamantis is a programmer, operator, and main vendor contact of the

6  website located at www.motherless.com, responsible for the display of videos, including infringing

7  videos, in the United States.

8     34.   Defendant Borovkov is an operator and main vendor contact of the website located at

9  www.motherless.com, responsible for the display of videos, including infringing videos, in the

10 United States.

11    35.   Defendants conduct business as Motherless.com, operate the websites

12 motherless.com and motherlessmedia.com, and derive direct financial benefit through advertising

13 sales on the websites, and premium memberships.

14    36.   Defendants compete against Plaintiff in the distribution and sale of adults-only

15 audio-visual works through Internet distribution and divert potential customers from Plaintiff.

16    37.   Motherless.com is registered as an Internet Service Provider and designated the

17 previous owner Joshua Lang as a DMCA Agent.   However, Defendants fail to honor takedown

18 notices as required and fail to implement a reasonable repeat infringer policy.  Thus,

19 Motherless.com does not qualify for DMCA safe harbor protections.

20    38.   Does 1-20 are individual or entities that own Motherless.com, and/or act in concert

21 with Motherless.com.  The true names and capacities of which are presently unknown to Plaintiff.

22 It is for that reason Plaintiff sues these Defendants by fictitious names. Plaintiff avers that each of

23 the Doe defendants, along with the named defendant, jointly or severally, is responsible for the

24 damages alleged herein.

SECOND AMENDED COMPLAINT - 6
No.  3:17-cv-05821-BH

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

**STATEMENT OF FACTS**

39. Congress' implementation of safe harbor provisions in the Digital Millennium Copyright Act ("DMCA") provides true internet service providers with protection against liability for copyright infringement resulting from the actions and/or postings of their users. As a primary example, the safe harbor protections provide YouTube.com with protection from liability should one of its users post a copyright protected video without authority or license.

40. The DMCA safe harbor provisions have been systematically abused by internet copyright infringers in an attempt to garner protection for pirate websites displaying copyrighted adult entertainment content without license or authority to the public. Under a veneer of DMCA compliance, the owners and operators attempt to hide behind the safe harbor provisions while monetizing the website through premium membership programs and substantial advertising contracts.

41. Motherless.com is such a pirate website, displaying copyrighted adult entertainment content without authorization or license.

42. Defendant Kick Online purchased Motherless.com and motherlessmedia.com in March 2014, and has operated the websites since.

43. Defendant Diamantis is an operator of the web site Motherless.com, responsible and accountable for the display of videos from the site to United States viewers.

44. Defendant Borovkov is an operator and main vendor contact of the website located at www.motherless.com, responsible for the display of videos, including infringing videos, in the United States.

45. Motherless.com receives over 50 million views per month and is in the top 300 most viewed web sites on the Internet.

46. Motherless.com was designed to be a user generated content and social internet community web site, through the use of user profiles. Based on information and belief Defendant Kick Online has since utilized these functions as a ruse to hide their own actions in actively

SECOND AMENDED COMPLAINT - 7
No.  3:17-cv-05821-BH

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

displaying and distributing Plaintiff's copyright works, infringing Plaintiff's intellectual property rights, as well as failing to operate in a manner required by the DMCA to permit content producers to effectively police copyright infringement.

47. Motherlessmedia.com is the URL that delivers content onto Motherless.com, allowing content displayed on Motherless.com to render to a viewer without interruption or delay.

48. Defendants host adult entertainment videos and/or host embedded code for adult entertainment videos to permit a user to view the videos and images on Motherless.com for free.

49. Defendants sell the right to allow users to download and view Plaintiffs videos on Motherless.com for a fee ranging from $10 per month to $90 for an annual membership. A user must be a "premium member" in order to download any of Plaintiffs videos. Defendants directly earn money from the videos posted on Motherless.com through the sale of the "Premium Membership" and "Motherless Credits."

50. Defendants sell advertising space on Motherless.com in several forms, including front load pop-up advertising and advertising banners on space in close proximity to free videos, often geocentric.

51. Defendants directly award users that post popular videos. Defendants provide a user with money or credits on motherless.com for posting videos that obtain a certain number of views. The more views that a video obtains, the more money or credit given to the poster of the video.

52. Videos on Motherless.com may be shared on other sites, in addition to the user being provided with direct links for posting on or to any social media site including, but not limited to, Facebook, Twitter, Google or via to Email to anyone regardless of age or location. Such functionality makes it impossible to know how many times and where an unlicensed copyrighted video has been posted and displayed illegally as a direct result of Defendants unlawful display.

53. Motherless.com fails to fulfill the requisite conditions precedent to qualify for the safe harbor provisions of the DMCA. Specifically, while a registered Internet Service Provider and

SECOND AMENDED COMPLAINT - 8
No. 3:17-cv-05821-BH

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

appointing a registered DMCA Agent, the Defendants fail to honor the take-down notices sent to the DMCA Agent and fails to implement a reasonable repeat infringer policy.

54. Motherless.com was designed to enable users to upload content onto the web site.

55. User uploaded content does not automatically get published on Motherless.com. Rather, an administrator of the web site must manually approve the content before publication.

56. User profiles on Motherless.com are created in one of two ways. First, an Internet user can join to be a member of the web site, at which time a user profile is created. Second, a web site administrator can create a user profile.

57. User profiles generated by users require a member to provide certain information, including a verified email address. Every real member must have a dedicated user profile page, and all content/videos uploaded by that user is associated with the user profile.

58. Members can download videos from Motherless.com, which requires a fee. Thus, Plaintiff's copyrighted videos that were and/or are displayed on Motherless.com could be downloaded for a fee, of which Plaintiff was never compensated.

59. Non-members can upload content onto Motherless.com, without signing up or creating a profile case. In such cases, an "Anonymous" profile is associated with the uploaded video and content.

60. In cases of "Anonymous" uploads, it is impossible for the owners and operators of Motherless.com to implement a repeat infringer policy, as there is no way to terminate an unknown infringer's ability to post content.

61. Motherless.com software was designed to allow a site administrator to create a profile that appears to be a user profile (or member of Motherless.com) and post videos under the profile, making it appear that videos are user generated content when, in fact, they are posted by the operators of Motherless.com.

SECOND AMENDED COMPLAINT - 9
No. 3:17-cv-05821-BH

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

62. A known site administrator profile is "Dewez." Defendants Kick Online use the profile "Dewez" to display and distribute content which infringed content producer copyrights, including that of Plaintiff.

63. In or about September 2017, and for an unknown time before, Defendants' website Motherless.com displayed 63 of Plaintiff's copyright registered works over 142 separate and distinct URLs - each a part of Motherless.com. These copyrighted works and their corresponding Motherless.com page are listed in Exhibit A, attached hereto. Defendants have no authority or license to display or distribute any portion of Plaintiffs' copyrighted works.

64. Twenty-one (21) of Plaintiff's registrations displayed on Motherless.com were uploaded by "Anonymous" uploaders.

65. Defendants fail to implement a reasonable repeat infringer policy. A review of over 6,000 DMCA compliant take-down notices delivered to Motherless.com over the last two years shows that Defendants terminate repeat infringers, defined as an identifiable user with three or more notifications, a mere 21% of the time. Attempting to thwart piracy on Motherless.com through DMCA take-down notices is pointless and futile.

66. DMCA compliant take down notices regarding "Anonymous" uploads have failed to result in any action by the Defendants.

67. Upon information and belief, Defendants have actual knowledge and clear notice of the infringement of Plaintiff's titles or else is willfully blind to the rampant infringement. The infringement is clear and obvious even to the most naïve observer. Plaintiff's films are indexed, displayed and distributed on Defendants' website through Defendant and the Doe Defendants acting in concert. Plaintiff's and other major producers' trademarks are used to index infringing material along with obfuscation of watermarks and other identifiers which is evidence of knowledge and intent.

68. By virtue of the conduct alleged herein, Defendants knowingly promote, participate in, facilitate, assist, enable, materially contribute to, encourage, and induce copyright infringement,

SECOND AMENDED COMPLAINT - 10
No. 3:17-cv-05821-BH

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

and thereby have infringed, secondarily infringed, and induced infringement by others, the copyrights in Plaintiffs' copyrighted work.

69. Defendants, either jointly, severally, actually, constructively, and with or without direct concert with one another, deprived Plaintiffs of the lawful monetary rewards that accompany its rights in the copyrighted works. Defendants disregard for copyright trademark laws threaten Plaintiff's business.

70. Defendants intentionally, knowingly, negligently, or through willful blindness avoided reasonable precautions to deter rampant copyright infringement on their website.

71. Defendants make no attempt to identify any individual providing the works, where the individual obtained the works, whether the individuals had authority to further reproduce and distribute the works or if such parties even exist.

72. Defendants' acts and omissions allow them to profit from their infringement while imposing the burden of monitoring Defendants' website onto copyright holders, without sufficient means to prevent continued and unabated infringement.

**FIRST CAUSE OF ACTION**
**Copyright Infringement – 17 U.S.C. §§ 101 *et. seq.***
**Against All Defendants**

73. Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

74. Plaintiff holds the copyright on each of the infringed works alleged herein.

75. Plaintiff registered each copyright with the United States Copyright Office.

76. At all pertinent times, Plaintiff is the producer and registered owner of the audiovisual works illegally and improperly reproduced and distributed by Defendants.

77. Defendants copied, reproduced, reformatted, and distributed Plaintiffs copyrighted works by and through servers and/or hardware owned, operated and/or controlled by Defendants.

SECOND AMENDED COMPLAINT - 11
No. 3:17-cv-05821-BH

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

78. Defendants did not have authority or license to copy and/or display Plaintiffs original works.

79. Defendants infringed Plaintiff's copyrighted works by reproducing and distributing works through Defendants' website without property approval, authorization, or license of Plaintiff.

80. Defendants knew or reasonably should have known they did not have permission to exploit Plaintiffs' works on Motherless.com and further knew or should have known their acts constituted copyright infringement.

81. Defendants made no attempt to discover the copyright owners of the pirated works before exploiting them. Defendants failed and refused to take any reasonable measure to determine the owner or license holder of the copyrighted works.

82. Defendants engaged in intentional, knowing, negligent, or willfully blind conduct sufficient to demonstrate they engaged actively in the improper collection and distribution of Plaintiffs' copyrighted works.

83. The quantity and quality of copyright files available to Internet users increased the attractiveness of Defendants' service to its customers, increased its membership base, and increased its ad sales revenue.

84. Based on information and belief, Defendants actively uploaded pirated copyrighted files and/or embedded code, enabling users of Motherless.com to view copyrighted videos and images for free.

85. Defendants controlled the files owned by Plaintiff and determined which files remained for display and distribution.

86. Defendants never adopted procedures to ensure that distribution of Plaintiff's copyrighted materials would not occur. Further, Defendants never implemented or enforced a "repeat infringer" policy.

SECOND AMENDED COMPLAINT - 12
No. 3:17-cv-05821-BH

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

87. Defendants either were aware, actually or constructively, should have been aware, or were willfully blind that pirated copyrighted materials comprised the most popular videos on the Defendants websites.

88. Defendants, through Motherless.com, affirmatively and willfully accommodated Internet traffic generated by the illegal acts.

89. Defendants' conduct was willful within the meaning of 17 U.S.C. § 101, *et seq*. At a minimum, Defendants acted with willful blindness and reckless disregard of Plaintiff's registered copyrights.

90. Because of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement. See 17 U.S.C. §501. Plaintiff suffers and will continue to suffer substantial losses, including, but not limited to, damage to its business reputation and goodwill.

91. The law permits Plaintiff to recover damages, including readily ascertainable direct losses and all profits Defendants made by their wrongful conduct. 17 U.S.C. §504. Alternatively, the law permits Plaintiff to recover statutory damages. 17 U.S.C. §504(c).

92. Because of Defendants' willful infringement, the law permits enhancement of the allowable statutory damages. 17 U.S.C. §504(c) (2).

93. The law permits Plaintiff injunctive relief. 17 U.S.C. §502. Further, the law permits a Court Order impounding any and all infringing materials. 17 U.S.C. §503.

**SECOND CAUSE OF ACTION**
**Contributory Copyright Infringement**
**Against All Defendants**

94. Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

95. Unknown individuals, without authorization, reproduced and distributed Plaintiff's works through Defendants' websites, directly infringing Plaintiff's copyrighted works.

96. Defendants contributed to the infringing acts of those individuals.

SECOND AMENDED COMPLAINT - 13
No.  3:17-cv-05821-BH

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1   97.     Defendants were aware, should have been aware, or were willfully blind to the
2   infringing activity.

3   98.     Defendants aided, abetted, allowed, and encouraged those individuals to reproduce
4   and distribute Plaintiff's copyrighted works through Defendants' website without regard to
5   copyright ownership.

6   99.     Defendants had the ability and obligation to control and stop the infringements.
7   Defendants failed to do so.

8   100.    Defendants have engaged in the business of knowingly inducing, causing, and/or
9   materially contributing to unauthorized reproduction, adaptation, public display and/or distribution
10  of copies of the Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's
11  copyrighted works.

12  101.    Defendants received direct financial benefits from the infringements.

13  102.    On information and belief, Defendants' actions constitute contributory infringement
14  of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiffs' copyrighted works in
15  violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16  103.    The unauthorized reproduction, distribution, and public display of Plaintiff's
17  copyrighted works that Defendant enables, causes, materially contributes to and encourages through
18  the acts described above are without Plaintiff's consent and are not otherwise permissible under the
19  Copyright Act.

20  104.    The acts of infringement by Defendants have been willful, intentional, and
21  purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

22  105.    As a direct and proximate result of the infringements by Defendants of Plaintiff's
23  copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is
24  entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

25
26

SECOND AMENDED COMPLAINT - 14
No.  3:17-cv-05821-BH

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1   106.   Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c ).

107.   Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

### THIRD CAUSE OF ACTION
### Vicarious Copyright Infringement
### Against All Defendants

108.   Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

109.   Without authorization, individuals reproduced, distributed, and publicly displayed Plaintiff's works through Defendants' website, directly infringing Plaintiff's copyrighted works.

110.   Defendants were actually or constructively aware or should have been aware or were willfully blind to the infringing activity.

111.   Defendants were able to control or completely end the illegal and improper infringement, but failed to do so.

112.   Defendants contributed materially to the infringement.

113.   Defendants received directly financial gain and profit from those infringing activities.

114.   The acts, omissions, and conduct of all Defendants constitute vicarious copyright infringement.

115.   The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights. As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiffs' copyrighted works, Plaintiff is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

SECOND AMENDED COMPLAINT - 15
No.  3:17-cv-05821-BH

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

116. Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c ).

117. Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

**FOURTH CAUSE OF ACTION**
**Inducement of Copyright Infringement**
**Against All Defendants**

118. Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

119. Defendants designed and/or distributed technology and/or devices and/or induced individuals to use this technology to promote the use of infringed and copyrighted material. As a direct and proximate result of Defendants' inducement, individuals infringed Plaintiff's copyrighted works. These individuals reproduced, distributed and publicly disseminated Plaintiff's copyrighted works through Defendants' website.

120. On information and belief, Defendants have encouraged the illegal uploading and downloading of Plaintiff's copyrighted works, thus inducing the unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's copyrighted works.

121. Defendants' actions constitute inducing copyright infringement of Plaintiffs' copyrights and exclusive rights under copyright in the Plaintiffs' copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

122. The infringement of Plaintiff's rights in and to each of the Plaintiff's copyrighted works constituted a separate and distinct infringement.

123. The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

SECOND AMENDED COMPLAINT - 16
No.  3:17-cv-05821-BH

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

124. As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiffs are entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

125. Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

126. Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Paper Street Media, LLC requests the following relief:

A. That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

    (1) Any and all reproduction, adaptation, public display and/or distribution of copies of Plaintiff's copyrighted works by Defendants on any website, including but not limited to Motherless.com;

    (2) Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works by Defendants on any website, including but not limited to Motherless.com; and

    (3) Marketing or selling any product containing or utilizing Plaintiff's intellectual property or business values.

B. That Defendants be ordered to transfer the domain Motherless.com, motherlessmeida.com and all similar domains held by Defendants found in discovery, such as misspellings of the enumerated domains, domains held by Defendants linked to Motherless.com, and the content therein to Plaintiff.

SECOND AMENDED COMPLAINT - 17
No. 3:17-cv-05821-BH

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1    C.    That Defendants be ordered to file with the Court and serve upon Plaintiff, within
2 thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail
3 the manner and form in which Defendants have complied with any ordered injunction;
4    D.    That Plaintiff be awarded statutory damages in an amount to be determined at trial
5 for all infringing activities, or actual damages including Plaintiff's damages and lost profits,
6 Defendants' profit;
7    E.    That Defendants be ordered to account to Plaintiff for all profits, gains and
8 advantages that they have realized as a consequence of their unauthorized use of Plaintiff's
9 copyrighted works;
10    F.    That Plaintiff be awarded enhanced damages and attorney's fees;
11    G.    That Plaintiff be awarded pre-judgment and post-judgment interest;
12    H.    That Plaintiff be awarded costs and expenses incurred in prosecuting this action,
13 including expert witness fees; and
14    I.    That such other and further preliminary and permanent relief be awarded to Plaintiff
15 as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED:  August 14, 2018.

**FREEMAN LAW FIRM, INC.**

By  */s/ Spencer D. Freeman*
   Spencer D. Freeman, WSBA No. 25069
1107 ½ Tacoma Avenue South
Tacoma, Washington  98042
253-383-4500

SECOND AMENDED COMPLAINT - 18
No.  3:17-cv-05821-BH

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

| | |
|---|---|
| 1 | |
| 2 | 253-383-45101 (fax)<br>sfreeman@freemanlawfirm.org |
| 3 | *Counsel for Plaintiff Paper Street Media, LLC* |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

SECOND AMENDED COMPLAINT - 19
No.  3:17-cv-05821-BH

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)