**UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| PAPER STREET MEDIA, LLC, a Florida limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>KICK ONLINE ENTERTAINMENT, S.A., a foreign company, d/b/a Motherless, Motherless.com, Motherlessmedia.com; DIMITRIOS DIAMANTIS, a foreign individual; IVAN BOROVKOV, a foreign individual; and DOES 1-20,<br><br>Defendants. | **Case No.: 3:17-cv-05821-BHS**<br><br>**FINDING OF FACTS AND CONCLUSIONS OF LAW GRANTING APPLICATION FOR ENTRY OF JUDGMENT** |

Plaintiff Paper Street Media, LLC (hereinafter "Paper Street" or the "Plaintiff") submits these proposed findings of fact and conclusions of law.

### I. FINDINGS OF FACT

1. Kick Online Entertainment, S.A., Dimitrios Diamantis, and Ivan Borovkov, jointly and in concert with each other, own and operate the web site located at Unidorm Resource Locators (URLs) Motherless.com and Motherlessmedia.com

2. Motherless.com is a web site that utilized United States based Content Delivery

Network companies to display content and videos to United States viewers.

3. Kick Online Entertainment, S.A., Dimitrios Diamantis, and Ivan Borovkov displayed 63 of Paper Street Media's copyrighted videos on Motherless.com.

4. Paper Street Media is the producer, distributor, and exclusive licensor of its own motion pictures that explore and deliver sensuality and sexuality through artistic photography, video, and erotic stories.

5. Paper Street Media directly employs 41 full-time US based people, with the majority of those being technical, programming, and white-collar positions.

6. Paper Street Media, through its registered trademarks and over 40 brand named websites produces high quality, story based niche movies. Plaintiff prides itself on producing high quality movies often spending more than industry standards in production costs. Plaintiff's watermark their videos with Plaintiff's readily identifiable site names and/or logos. Plaintiff holds over 400 U.S. registered Copyrights for its audiovisual work and 11 Trademarks for its brands, including for all works listed in this Complaint. The viewing public has come to rely on Plaintiffs brands for producing high quality movies.

7. Since inception, Plaintiff has earned over 30 AVN (Adult Video News) and XBIZ Awards along with hundreds of nominations including the 2018 Best New Series and Best Niche Series. Plaintiffs' Affiliate Program 'Paper Street Cash' has won the highly coveted Adult Industry Affiliate Program of the Year Award. Predominantly, the Paper Street web based business model is simply that a user must be a paid member of a Paper Street website to view Paper Street's non-promotional videos on a website.

8. Plaintiff has active worldwide licensing deals that allow its licensors to display its movies on Broadcast Television, Video on Demand (VOD), and Lodging platforms; among them are NASDAQ traded Liberty Global and Sonifi Solutions, Inc., which serves over 1.4 Million

hotel rooms worldwide including Marriott Hotels. Plaintiff licenses its movies for profit under negotiated terms of written licensing agreements.

9. Paper Street Media filed a separate copyright registration for each of the 63 works displayed on Motherless.com and owns the copyright for each of these works. Each of these works was registered with the United States Copyright Office prior to defendants' infringement.

10. Kick Online Entertainment, S.A., Dimitrios Diamantis, and Ivan Borovkov displayed 63 of Paper Street Media's copyrighted videos on Motherless.com for a commercial purpose.

11. Kick Online Entertainment, S.A., Dimitrios Diamantis, and Ivan Borovkov earn advertising revenue from Motherless.com. The more Internet traffic on Motherless.com results in more advertising revenue.

12. Kick Online Entertainment, S.A., Dimitrios Diamantis, and Ivan Borovkov earn revenue from selling recurring paid monthly memberships. The paid memberships allow Defendants paying members to download Plaintiffs videos from Motherless.com. The more Internet traffic, the more opportunity to sell memberships.

13. Kick Online Entertainment, S.A., Dimitrios Diamantis, and Ivan Borovkov displayed 63 of Paper Street Media's copyrighted videos on Motherless.com to increase their own recurring membership sales and advertising revenue.

14. Paper Street Media's copyrighted videos displayed on Motherless.com may be shared on other sites, in addition to the user being provided with direct links for posting on or to any social media site including, but not limited to, competing web sites, Facebook, Twitter, Google or via Email to anyone regardless of age or location. Such functionality makes it impossible to know how many times and where an unlicensed copyrighted video has been posted and displayed illegally as a direct result of Defendants unlawful display.

15. Motherless.com is not currently registered as an Internet Service Provider and did not have a registered DMCA Agent.

16. Motherless.com allows anonymous uploads making it impossible to enforce any reasonable repeat infringer policy. In this instance, 23 of the 63 infringing videos in this case were listed on Motherless.com as uploaded by an anonymous user.

17. Kick Online Entertainment, S.A., Dimitrios Diamantis, and Ivan Borovkov did not have authority to display, duplicate or distribute any of the 63 Paper Street Media's copyrighted videos on Motherless.com.

18. Since being served with this lawsuit, Defendants have continued to operate Motherless.com and motherlessmedia.com and continued their infringing activities.

19. Plaintiff's ability to garner internet traffic and sell memberships to its web sites is directly damaged by Defendants display of its works for free. Simply stated, potential customers will not pay membership fees to Plaintiff's web sites if Plaintiff's movies are available to view for free.

20. Currently, Defendants web site Motherless.com is incurring over forty-one (41) million unique views per month. At least some of these are potential customers taken away from Plaintiff.

21. Paper Street Media has a 1:500 conversation ratio for its membership web sites. Each member has an average value of $130 to Plaintiff. 41 million unique visitors could convert to 82,000 paid members for Paper Street Media. At $130 value per member, the 41 million unique visitors would have a value to Paper Street Media of $10,660,000 per month.

22. During the year that this litigation has been pending, it can be estimated that the display of Paper Street Media's works caused a loss to Paper Street Media in excess of $127,000,000.

23. Kick Online Entertainment, S.A., Dimitrios Diamantis, and Ivan Borovkov knowingly and willfully infringed Paper Street Media's works

24. Service of process was made on Kick Online Entertainment, S.A., Dimitrios Diamantis, and Ivan Borovkov via email pursuant to this Court's Order.

25. Kick Online Entertainment, S.A., Dimitrios Diamantis, and Ivan Borovkov are not minors nor incompetent persons.

## II. CONCLUSIONS OF LAW

1. Service on Kick Online Entertainment, S.A., Dimitrios Diamantis, and Ivan Borovkov was made pursuant to express provisions of Fed.R.Civ.P. 4(f)(3), 4(h)(2) and 4(m).

2. A Court Order entering default judgment against Kick Online Entertainment, S.A., Dimitrios Diamantis, and Ivan Borovkov is now proper pursuant to Fed.R.Civ.P. 55.

3. Paper Street Media established valid copyright in each of the 63 works displayed on Motherless.com.

4. Kick Online Entertainment, S.A., Dimitrios Diamantis, and Ivan Borovkov displayed Paper Street Media's 63 copyrighted works on Motherless.com without authority or license.

5. Kick Online Entertainment, S.A., Dimitrios Diamantis, and Ivan Borovkov infringed Paper Street Media's 63 copyrighted works.

6. Paper Street Media is entitled to statutory damages for willful copyright infringement. 17 U.S.C. § 504(c).

7. It is proper to award maximum damages for intentional and willful infringement of Paper Street Media's copyright works.

8. At the maximum of $150,000 per work for 63 works, statutory damages of $9,450,000 are appropriate.

9. 17 U.S.C. § 502(a) makes express that the Court may issue "final injunctions on such terms as it may deem just to prevent or restrain infringement of a copyright." Thus, such relief is authorized here by Defendants' conduct.

10. 17 U.S.C. § 505 provides that the Court may "award a reasonable attorney's fee to the prevailing party as part of the costs."

11. Paper Street Media would be prejudiced if default judgment is not entered.

12. Paper Street Media has established prima facie claim for copyright infringement and the complaint states a claim for copyright infringement.

13. There is no evidence that there is a dispute concerning material facts or that default was due to excusable neglect.

### III. CONCLUSION

**ORDERED, ADJUDGED and DECREED** that DEFENDANTS Kick Online Entertainment, S.A., Dimitrios Diamantis, and Ivan Borovkov, are PERMANENTLY ENJOINED from using on or in connection with any product or service or the manufacture, importation, exportation, sale, offering for sale, distribution, advertising, promotion, labeling or packaging of any product or service, or from using for any commercial purpose whatsoever any copyrighted work of Plaintiff Paper Street Media, LLC identified in Exhibit A to the Declaration of Jason Tucker, Dkt. 27, which are the alleged infringed works in this matter.

It is further **ORDERED, ADJUDGED and DECREED** that Plaintiff is granted JUDGMENT against DEFENDANT Kick Online Entertainment, S.A., Dimitrios Diamantis, and Ivan Borovkov, in accordance with 17 U.S.C. § 504(c)(2), in the amount of $9,450,000 as statutory damages.

It is further **ORDERED, ADJUDGED and DECREED** that Plaintiff is granted JUDGMENT against DEFENDANTS Kick Online Entertainment, S.A., Dimitrios Diamantis, and Ivan Borovkov, in accordance with 17 U.S.C. § 502(a), in the amount of $25,869 as Plaintiff's reasonable attorney's fees and costs.

Dated this 6th day of November, 2018.

BENJAMIN H. SETTLE
United States District Judge